**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:15 CR 149** |
| | ) | |
| **GREGORY JOSHUA SMITH** | ) | |

**OPINION and ORDER**

Petitioner Gregory Smith has filed a motion to vacate his sentence under 28 U.S.C. § 2255. (DE # 225.) For the reasons that follow, petitioner's motion is denied.

**I.      BACKGROUND**

A superseding indictment charged Smith with 20 counts related to a string of armed robberies he committed or attempted to commit. (DE # 122.) Smith pleaded guilty to four Hobbs Act robberies, in violation of 18 U.S.C. § 1951 (Counts 1, 7, 10, 19); three attempted Hobbs Act robberies, in violation of § 1951 (Counts 4, 13, 16); discharging a firearm during an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Count 14); and brandishing a firearm during an attempted Hobbs Act robbery, in violation of § 924(c) (Count 17.) (DE # 148.) Smith agreed that the attempted Hobbs Act robberies were "crimes of violence" for purposes of § 924(c). (*Id.*)

In his plea agreement, Smith also agreed to waive his right to appeal or contest his conviction and all components of his sentence or the manner in which his conviction or sentence was determined or imposed, to any court on any ground other than a claim of ineffective assistance of counsel, including any post-conviction proceeding under § 2255. (*Id.* at 5.)

In February 2021, this court sentenced Smith to 314 months' imprisonment. (DE # 213.) Smith did not appeal.

In June 2022, the Supreme Court held in *United States v. Taylor*, 142 S. Ct. 2015, 2020-21 (2022), that an attempted Hobbs Act robbery was not a "crime of violence" for purposes of § 924(c) because it did not have as an element the "use, attempted use, or threatened use of physical force" against the person or property of another. *Id.* (citing § 924(c)).

Less than one year after *Taylor*, in March 2023, Smith filed the present motion to vacate. (DE # 225.) Smith presents three grounds on which he believes his conviction and sentence should be vacated: (1) after *Taylor*, his convictions on Counts 14 and 17 for violations of § 924(c) are invalid; (2) his attorney was ineffective in negotiating his plea agreement because his counsel failed to secure him a plea deal similar to those of his co-defendants; and (3) his attorney was ineffective in failing to argue that his convictions under § 1951(a) could not serve as predicate offenses for a § 924(c) conviction. (*Id.*)

## II.    LEGAL STANDARD

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255(a). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

III.    **DISCUSSION**

    A.    *Timeliness Of Claims*

The government contends that, while Smith's *Taylor* argument is timely, his other two claims are not, and must be dismissed. (DE # 235.) A one year limitations period applies to motions made pursuant to § 2255. 28 U.S.C. § 2255(f). The limitations period runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

"[T]he timeliness of each claim asserted in [] a section 2255 motion . . . must be considered independently." *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016). "The simple fact that [the petitioner] might have one timely claim to make under section 2255 based on a Supreme Court precedent issued years after his conviction otherwise became final does not allow him to tack on additional, otherwise untimely claims to that one timely claim." *Id.*

To begin, the Government concedes that Count I is timely pursuant to

3

§ 2255(f)(3). Section 2255(f)(3) applies to rights newly recognized by the Supreme Court that have been made retroactively applicable to cases on collateral review. While *Taylor* has not been held retroactively applicable, the Government concedes that *Taylor* can be applied retroactively on collateral review. (DE # 235 at 8.) Section 2255's statute of limitations defense is not jurisdictional and can be waived. *See Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016); *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016); *Ryan v. United States*, 688 F.3d 845, 847 (7th Cir. 2012). The court finds that the Government has done so here, with respect to Ground I. The court must then consider the timeliness of Grounds II and III.

In this case, judgment was entered on February 24, 2021, and Smith did not file any appeal. Accordingly, his judgment became final in March 2021, 14 days after judgment was entered. *See* Fed. R. App. P. 4(b)(1)(A)(i) (appeal in criminal case must be filed within 14 days of judgment). To have filed a timely petition pursuant to § 2255(f)(1), he would have had to have filed his petition by March 2022. *See e.g. United States v. Ellis*, No. 2:14-CR-33, 2023 WL 3884667, at *2 (N.D. Ind. June 8, 2023). He did not meet that deadline. Accordingly, Grounds II and III of Smith's motion to vacate are not timely under § 2255(f)(1).

Smith does not argue that any unlawful governmental impediment prevented him from filing a timely motion on Grounds II and III, nor does he argue there are newly discovered facts. Thus, neither § 2255(f)(2) nor (4) apply.

Smith appears to argue that his entire motion is timely pursuant to § 2255(f)(3).

While his *Taylor* claim in Ground I is timely pursuant to § 2255(f)(3), Smith cannot piggyback untimely claims onto a timely one. *See Davis*, 817 F.3d at 328.

In Ground II, Smith argues that his counsel should have attempted to secure him a plea deal similar to those of his co-defendants, both of whom received lower sentences than Smith. Smith's co-defendants were both sentenced in July of 2020, well before he was sentenced. This ground was available to Smith at the time his judgment became final and his failure to pursue the claim within the limitations period means that this ground is now time-barred.

In Ground III, Smith claims that his counsel was ineffective because counsel should have argued, based on *United States v. Davis*, 139 S. Ct. 2319 (2019), that the attempted Hobbs Act robberies could not serve as predicate offenses for the § 924(c) charges. (DE # 225 at 8.) In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause was unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. Smith claims that he questioned his attorney about the application of *Davis* before signing the plea agreement. He also claims that, if his counsel had done his due diligence, he would have learned that *Taylor* was making its way to the Supreme Court, and he would have counseled Smith against signing a plea agreement that included Counts 14 and 17.

First, Smith is incorrect that *Taylor* was already making its way to the Supreme Court at the time he signed his plea agreement. Smith's plea agreement was filed on December 9, 2019. (DE # 148.) His plea agreement was accepted on December 11, 2019. (DE # 155.) *Taylor* was decided on June 21, 2022, and the underlying Fourth Circuit

order (holding that attempted Hobbs Act robbery was not a crime of violence under § 924(c)(3)(B)) was issued on October 14, 2020. *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), *aff'd*, 142 S. Ct. 2015 (2022). While the underlying district court case was decided before Smith entered into his plea agreement, the district court had rejected the argument that attempted Hobbs Act robbery was not a crime of violence under § 924(c)(3)(B). *United States v. Taylor*, No. 3:08CR326, 2019 WL 4018340, at *4 (E.D. Va. Aug. 26, 2019).

Second, Smith's claim that the Supreme Court's issuance of *Taylor* renders Ground III timely, under § 2255(f)(3), is self-defeating. His argument is both that his attorney should have known, based on *Davis*, that attempted Hobbs Act robbery does not constitute a crime of violence under § 924(c), but also that Smith could not have asserted this same argument until *Taylor* was issued. He cannot have it both ways.

Smith admits that he raised the issue of *Davis'* application with his counsel prior to entering into the plea agreement. If he believed that he had an argument stemming from *Davis* that his counsel failed to pursue, he could have filed a motion to vacate based on ineffective assistance within one year of his sentence becoming final. He did not do so, and therefore this claim is time-barred. However, even if Ground III was timely, it fails on the merits, as discussed in a later section.[1]

---

[1] As discussed later in this opinion, this court does not agree that the Supreme Court's holding in *Taylor* was foreseeable, such that an effective attorney should have raised the issue. However, to the extent that Smith disagrees, and believes that *Davis* created the building blocks for such an argument, Smith has admitted that he had enough information to make this claim within the limitations period in § 2255(f)(1).

B.      *Actual Innocence Exception To Time-Barred Claims Does Not Apply*

Smith argues, in his reply brief, that he is actually innocent of the § 924(c)

convictions, in light of *Taylor*. (DE # 241 at 4.) This argument was not raised in his initial

petition, and therefore need not be addressed by this court. *See Lund v. United States*, 913

F.3d 665, 669 n.4 (7th Cir. 2019) (citing *United States v. Wescott*, 576 F.3d 347, 354 (7th Cir.

2009)). However, the court finds that even if Smith had appropriately raised an actual

innocence claim, it would not rescue his time-barred claims.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner

may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute

of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish actual

innocence, "a petitioner must show that it is more likely than not that no reasonable

juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*,

513 U.S. 298, 327 (1995).

The Seventh Circuit has never explicitly held that the actual innocence exception

can be used in situations where a subsequent change to a law renders the conduct for

which the petitioner was convicted no longer criminal. *Lund*, 913 F.3d at 667–68

(declining to decide the issue). However, as *Lund* makes clear, even if actual innocence

could be predicated on a case interpreting the law under which a petitioner was

convicted, it would not extend to this case.

In *Lund*, the Seventh Circuit rejected the petitioner's attempt to use a case

interpreting the law under which he was convicted as both the basis for his actual

7

innocence claim and his claim for relief on the merits. The Court found it "doubtful" that "a petitioner's actual innocence claim and claim for relief on the merits can be the same." *Lund*, 913 F.3d at 668 (internal citation omitted). Allowing a change in statutory law to do "double duty" "would completely undermine the statute of limitations for bringing initial § 2255 motions within one year from the date a new right is recognized by the Supreme Court." *Id.* Moreover, there is no free-standing right to habeas relief based on a claim of actual innocence. *Id.* Rather, the exception exists to ensure federal constitutional errors do not result in the imprisonment of innocent people. *Id.* Thus, the justification for an actual innocence exception "suggests that the underlying claim must be a constitutional claim, rather than a statutory claim[.]" *Id.*

Allowing Smith to use *Taylor* to serve as the basis for both his actual innocence and habeas relief "would render [the § 2255(f)(3)] statute of limitations superfluous, at least as it applies to newly recognized statutory rights. Every time there is a retroactive interpretation of a criminal law, petitioners convicted under it would have an initial § 2255 claim based on the new interpretation indefinitely." *Id.* at 669. Accordingly, Smith cannot use the actual innocence exception to rescue his time-barred claims.

C.      *Ground III Fails On The Merits*

As noted above, even if Ground III of Smith's motion were timely, it would fail on the merits because he has not established that his counsel's failure to object to Counts 14 and 17 amounted to ineffective assistance. Smith's argument is that, based on *Davis*, his attorney should have foreseen the Supreme Court's holding in *Taylor*, and

argued that attempted Hobbs Act robbery is not a crime of violence under § 924(c).

Claims for ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

"To satisfy the deficient performance prong, a petitioner must show that the representation his attorney provided fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (internal citation omitted). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citation omitted).

To satisfy the prejudice prong, a petitioner must establish that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Strickland*, 466 U.S. at 694. "This does not mean that the defendant must show that counsel's deficient conduct more likely than not altered the outcome in the case. Rather, a reasonable probability is a probability sufficient to undermine confidence in the outcome, which in turn means a substantial,

not just conceivable likelihood of a different result." *Harris v. Thompson*, 698 F.3d 609, 644 (7th Cir. 2012) (internal citations and quotation marks omitted).

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance prong is the same as that outlined in *Strickland*. *Id.* To establish prejudice in a case where the petitioner pleaded guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Morales v. Boatwright*, 580 F.3d 653, 663 (7th Cir. 2009). "[T]he petitioner must do more than simply allege 'that he would have insisted on going to trial'; he must also come forward with objective evidence that he would not have pled guilty. Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal citation omitted).

A petitioner's "failure to establish either element of the *Strickland* framework will result in denial of his claim." *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

Here, Smith argues that his counsel was ineffective for lack of foresight. While an attorney is not required to anticipate every change in the law, *Kirklin v. United States*, 883 F.3d 993, 997 (7th Cir. 2018), he can be required to make, or at least evaluate

whether to make, an argument that is sufficiently foreshadowed by precedent existing at that time. *Bridges v. United States*, 991 F.3d 793, 804 (7th Cir. 2021). In situations where "the building blocks for a successful legal argument were already in place," effective counsel would have considered the question, and whether to present an argument. *Id.* at 797–98. However, "a failure to argue a point of unsettled law, not foreshadowed by existing case law, is not enough by itself to demonstrate deficient performance." *Scott v. Hepp*, 62 F.4th 343, 348 (7th Cir. 2023) (cleaned up).

As discussed above, at the time Smith entered into his plea agreement, *Taylor* had not yet been decided by the Supreme Court or the Fourth Circuit. Smith argues that *Davis* should have put his counsel on notice to make the argument that attempted Hobbs Act robbery is not a crime of violence under § 924(c). However, at the time Smith entered into his plea agreement, not a single appellate court had ruled that attempted Hobbs Act robbery was not a crime of violence under § 924(c), and one appellate court had ruled that it was a crime of violence under § 924(c). *See Kimbrough v. United States*, 71 F.4th 468, 472 (6th Cir. 2023) (citing *United States v. St. Hubert*, 883 F.3d 1319, 1333 (11th Cir. 2018), *superseded by* 909 F.3d 335 (11th Cir. 2018)). Less than a month after his plea was filed and accepted, the Seventh Circuit held that a defendant's conviction for attempted Hobbs Act robbery could serve as a predicate offense for a § 924(c) conviction. *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020). Other appellate courts later held the same. *See e.g.*, *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020); *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020); *United States v. Walker*,

990 F.3d 316, 330 (3d Cir. 2021). Not until October 2020, nearly a year after Smith

pleaded guilty, did a single circuit embrace his approach. *See United States v. Taylor*, 979

F.3d 203, 205 (4th Cir. 2020). The Supreme Court did not grant certiorari in *Taylor* until

after he was sentenced.

In light of this history, counsel was not ineffective for failing to raise an

argument that attempted Hobbs Act robbery was not a crime of violence under § 924(c).

The building blocks for the eventual holding in *Taylor* simply did not exist at the time

Smith entered into his plea agreement. *See Kimbrough*, 71 F.4th at 472 (holding that, at

time defendant pleaded guilty, existing precedent did not clearly foreshadow *Taylor*;

"the Sixth Amendment guarantees a competent attorney, not a clairvoyant one.") Even

if counsel had made the argument, it was almost certain to be unsuccessful, given the

Seventh Circuit's subsequent holding in *Ingram.* Accordingly, even if Ground III was

timely, it would fail on the merits because Smith has failed to establish that his counsel's

performance was ineffective.

D.    *Ground I Is Barred By Appeal Waiver*

In his appeal waiver, Smith explicitly waived his right to file a § 2255 motion

challenging his sentence, on any ground other than a claim of ineffective assistance of

counsel. That waiver bars his present claim that his convictions on Counts 14 and 17 are

invalid post-*Taylor*.

Smith's only argument against the application of his appeal waiver is that his

waiver was not knowing and voluntary. His argument appears to be that – because he

did not know that the Supreme Court would subsequently hold that attempted Hobbs

Act robbery is not a crime of violence under § 924(c) – he did not have a proper

understanding of the law in relation to the facts in his case. (DE # 241 at 5.) While a

defendant must knowingly and voluntarily agree to an appeal waiver, *see United States

v. Perillo*, 897 F.3d 878, 883 (7th Cir. 2018), *reh'g denied* (Aug. 20, 2018), the Seventh

Circuit has " 'consistently rejected arguments that an [express] appeal waiver is invalid

because the defendant did not anticipate subsequent legal developments.' " *Oliver v.

United States*, 951 F.3d 841, 845 (7th Cir. 2020) (quoting *United States v. McGraw*, 571 F.3d

624, 631 (7th Cir. 2009)); *see also Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022)

(Kavanaugh, J., statement respecting denial of certiorari, "[T]he Seventh Circuit

correctly concluded that the defendant's unconditional guilty plea precluded any

argument based on the new caselaw[.]"). *Taylor* does not provide an avenue around

Smith's appeal waiver. As Smith makes no other argument regarding the validity of his

appeal waiver, his appeal waiver bars Ground I.

     E.     *Discovery Request*

Smith moved this court to order his attorney to turn over the entire case file so

Smith could prepare his motion to vacate. (DE # 234.) Essentially, he appears to seek

leave of court to conduct discovery under Rule 6(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts.

A § 2255 petitioner is not permitted the same "broad discovery" available in

ordinary civil litigation and is not entitled to discovery as a matter of course. *Bracy v.*

*Gramley,* 520 U.S. 899, 904 (1997). Instead, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." R. Gov. Sec. 2255 Proc. 6(a). Further, "[a] party requesting discovery must provide reasons for the request . . . and must specify any requested documents." R. Gov. Sec. 2255 Proc. 6(b). Good cause will be found where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09.

Smith's vague demand for his entire file failed to show good cause. He failed to explain what he hoped to find and how such evidence might support a constitutional claim, particularly where his claims are based on a change in law, not on events that transpired during his case.

F.      *No Hearing Necessary*

Smith has requested an evidentiary hearing on his motion to vacate. (DE # 225.) "The court should grant an evidentiary hearing on a § 2255 motion when the petitioner 'alleges facts that, if proven, would entitle him to relief.' " *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (internal citations omitted). However, where a petitioner has failed to present facts necessary to substantiate his claim, he cannot meet the threshold requirement for entitlement to an evidentiary hearing, and a district court may properly deny such a motion. *Fuller v. United States,* 398 F.3d 644, 652 (7th Cir. 2005). Smith has not presented facts that, if proven, would entitle him to relief. Thus, he

14

is not entitled to an evidentiary hearing.

    G.    *Appointment Of Counsel Unnecessary*

    The court denies Smith's motion for appointed counsel. (DE # 227.) "Prisoners do not have a constitutional right to the assistance of counsel in post-conviction collateral attacks." *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005). Furthermore, because Smith's case does not involve the death penalty, he has no statutory right to appointed counsel. However, a district court may appoint counsel if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). The court is also authorized to appoint counsel if an evidentiary hearing is warranted, R. Gov. Sec. 2255 Pro. 8(c), or if counsel is necessary for effective discovery, R. Gov. Sec. 2255 Pro. 6(a).

    The court finds that, in this case, the interests of justice do not require the appointment of counsel. Smith's claims in his motion are straightforward. Moreover, his filings demonstrate that he was able to represent his interests and advocate for his motion to vacate without the appointment of counsel.

    H.    *Certificate Of Appealability*

    Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28

U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). The court thoroughly discussed the controlling case law on the issue at hand and finds that the conditions for the issuance of a certificate of appealability are not present in this case. Therefore, no certificate will issue.

## III.   CONCLUSION

For the foregoing reasons, the court:

(1)   **DENIES** Gregory Joshua Smith's motion to vacate under 28 U.S.C. § 2255 (DE # 225);

(2)   **DENIES** Gregory Joshua Smith's motion for appointment of counsel (DE # 227);

(3)   **DENIES** Gregory Joshua Smith's "Motion to Compel Defense Counsel to Surrender the Case Fire in the Above Styled Action to the Defendant of this Case" (DE # 234); and

(4)   **DENIES** Gregory Joshua Smith a certificate of appealability.

**SO ORDERED.**

Date: October 24, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

16