UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15 CR 149 |
| ) | |
| GREGORY JOSHUA SMITH ) | |

### OPINION and ORDER

This matter is before the court on defendant Gregory Smith's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 270.) For the reasons that follow, the motion is granted.

In 2019, Smith pleaded guilty to committing seven Hobbs Act robberies (Counts 1, 4, 7, 10, 13, 16, and 19), in violation of § 1951; discharging a firearm during an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Count 14); and brandishing a firearm during an attempted Hobbs Act robbery, in violation of § 924(c) (Count 17.) (DE # 148.) In February 2021, this court sentenced Smith to a total of 314 months' imprisonment, consisting of concurrent 110-month terms on Counts 1, 4, 7, 10, 13, 16, and 19, and consecutive terms of 120 months on Count 14 and 84 months on Count 17, respectively. (DE # 213.)

In sentencing defendant, the court found that Smith's total offense level was 28, and his criminal history category was IV, producing an advisory guidelines range of 110 to 137 months' imprisonment on the Hobbs Act offenses (Counts 1, 4, 7, 10, 13, 16, and 19). (DE # 214 at 5.) In calculating his criminal history category, Smith received eight total criminal history points, two of which were "status points" because he

committed the offenses in this case while he was on probation. (*See* DE # 203 at 12.) Without these status points, Smith would have a total of six criminal history points and a criminal history category of III. This would reduce his advisory guidelines range on Counts 1, 4, 7, 10, 13, 16, and 19, from 110 - 137 months to 97 - 121 months. (*See* DE # 274.)

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Under the new provision, a defendant who otherwise has seven or more criminal history points is awarded one additional "status" criminal history point (instead of two) if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(e). Status points are not awarded to a defendant who otherwise has six or fewer criminal history points. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Smith, through appointed counsel, now moves for a reduction in his sentence pursuant to Amendment 821. (DE # 270.) Smith requests that the court resentence him to 97 months' imprisonment on Counts 1, 4, 7, 10, 13, 16, and 19, the low end of his new

guidelines range. The Government opposes defendant's motion. (DE # 277.)

A.    **Defendant's Eligibility Under Amendment 821**

The court may reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission, after considering the applicable 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Here, the parties agree that defendant is eligible for a reduction in sentence under Part A of Amendment 821, which eliminates defendant's status points from his criminal history calculation and lowers his sentencing range on Counts 1, 4, 7, 10, 13, 16, and 19. The parties also agree that Amendment 821 has no effect on Smith's consecutive sentences on Counts 14 and 17. Because Smith's sentencing range is reduced by Amendment 821, he is eligible for a reduction.

B.    **Is A Reduction Warranted Under § 3553(a)?**

The court must next consider whether a reduction in sentence is warranted under the applicable § 3553(a) factors. Having considered the relevant factors, this court finds that a reduction in sentence on Counts 1, 4, 7, 10, 13, 16, and 19 to 97 months' imprisonment is warranted. The court finds that this term of imprisonment is a sentence sufficient, but not greater than necessary, to reflect the seriousness of Smith's offenses, provide just punishment for those offenses, protect the public, and afford adequate deterrence to future criminal conduct.

The Government argues that a reduction in sentence is not warranted in this case based on the nature and circumstances of Smith's offenses, and his conduct in prison. This court disagrees. Smith's offenses were serious, and the seriousness of those offenses is well-represented in a reduced total sentence of 301 months' imprisonment. As for his post-sentencing conduct, Smith has been sanctioned three times while in the Bureau of Prisons' (BOP) custody: in 2022, for refusing to obey an order; in 2023, for failing to stand count; and in 2023 for phone abuse/disrupting monitoring. (DE # 274.) These infrequent and minor infractions do not counsel against granting Smith a reduction in sentence. Additionally, while in BOP custody, Smith has made some strides toward rehabilitation, earning his GED and completing courses in finance, parenting, health & nutrition, and employment search. (*Id.*)

All in all, the court finds that sentencing Smith to the low end of the new guidelines range is a sentence sufficient, but not greater than necessary, to meet the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation.

## C.   CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for a reduction in sentence pursuant to Sentencing Guidelines Amendment 821 and 18 U.S.C. § 3582(c)(2). (DE # 270.) Defendant's terms of imprisonment on Counts 1, 4, 7, 10, 13, 16, and 19 are reduced to 97 months, to be served concurrently. All other terms of defendant's sentence, including the consecutive terms of imprisonment for Counts 14

and 17, remain unaltered.

**SO ORDERED.**

Date: April 22, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT