UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15 CR 149 |
| ) | |
| GREGORY JOSHUA SMITH ) | |

## OPINION and ORDER

This matter is before the court on defendant Gregory Smith's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (DE # 251.) For the reasons that follow, the motion will be denied.

I.   BACKGROUND

In 2019, Smith pleaded guilty to: seven Hobbs Act robberies in violation of 18 U.S.C. § 1951 (Counts 1, 4, 7, 10, 13, 16, and 19); discharging a firearm during an attempted Hobbs Act robbery in violation of 18 U.S.C. § 924(c) (Count 14); and brandishing a firearm during an attempted Hobbs Act robbery in violation of § 924(c) (Count 17.) (DE # 148.) In February 2021, this court sentenced Smith to concurrent 110-month terms of imprisonment on Counts 1, 4, 7, 10, 13, 16, and 19, a consecutive term of 120 months on Count 14, and a consecutive term of 84 months on Count 17, for a total term of 314 months' imprisonment. (DE # 213.) He was also sentenced to serve a two-year term of supervised release, and was ordered to pay a special assessment and restitution. (*Id.*) Smith's sentences for Counts 1, 4, 7, 10, 13, 16, and 19 were subsequently reduced to 97 months, based on an amendment to the sentencing guidelines. (DE # 285.)

Smith has filed a motion for compassionate release, arguing that there are several extraordinary and compelling conditions that would, alone or considered together, justify his early release from prison. The Government opposes his motion. This matter is fully briefed and is ripe for ruling.

II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, there are a handful of statutory exceptions to this rule. Under one such exception, a court may grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

The Government concedes that Smith has met the exhaustion requirement, and therefore the court considers whether Smith has presented an extraordinary and compelling reason to warrant a reduction in his sentence. Smith proposes several bases for such a reduction.

   A.     *Unusually Long Sentence*

Smith argues that he has an extraordinary and compelling reason for compassionate release based on the Sentencing Commission's November 2023

2

amendment to its policy statement in § 1B1.13 of the Sentencing Guidelines. The Sentencing Commission added § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under § 3582(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Sentencing Commission limited this provision with its simultaneous addition of § 1B1.13(c), which states in relevant part, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Smith argues that his sentence is invalid based on *United States v. Taylor*, 596 U.S. 845 (2022), a case decided after he was sentenced, which held that attempted Hobbs Act robbery does not support an enhanced sentence for using a firearm in furtherance of a crime of violence under § 924(c). Smith argues that the holding in *Taylor* constitutes 'a change in the law' for purposes of § 1B1.13(b)(6). (DE # 251.)

Section 1B1.13(b)(6), by its own terms, does not apply to Smith's case. First, Smith has not served at least 10 years of his term of imprisonment. Smith was taken into custody in November of 2015 (DE # 2, 4), so at the very least he is still several months shy of meeting the 10 year prerequisite.

Second, the holding in *Taylor* does not represent a 'change in the law.' Smith

3

essentially challenges the underlying validity of his sentence, and the Seventh Circuit has held that such challenges cannot serve as the basis for compassionate release. "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022); *see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

The court recognizes that § 1B1.13(b)(6) was added after the Seventh Circuit issued *Brock*, *King*, and *Martin*. However, to the extent that § 1B1.13(b)(6) would permit a subsequent judicial decision, such as *Taylor*, to qualify as a 'change in the law' for purposes of § 1B1.13(b)(6), § 1B1.13(b)(6) exceeds the Sentencing Commission's authority and is invalid. The Sentencing Commission's policy statements cannot conflict with federal statute, and to the extent that § 1B1.13(b)(6) would permit a defendant to use compassionate release to circumvent the statutory limitations on a defendant's ability to challenge his underlying sentence, such a policy statement would be invalid. *See United States v. Black*, 131 F.4th 542, 546 (7th Cir. 2025) (holding that § 1B1.13(b)(6) conflicted with The First Step Act and therefore exceeds the scope of the Commission's explicitly delegated authority to interpret 'extraordinary and compelling;' § 1B1.13(b)(6) is invalid insofar as it conflicts with The First Step Act).

Compassionate release serves a purpose separate and distinct from that of a direct appeal or collateral review. "Properly understood, a motion for a sentence reduction under § 3582(c)(1) or (c)(2) does not attack the sentence at all. It accepts the legal validity of the sentence imposed but asks for modification to account for changed circumstances." *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024). Such a motion, "simply asks the district court to consider revising his sentence in light of a development completely external to the court's original judgment." *Id.* (cleaned up). "[T]he sort of 'extraordinary and compelling' circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir.), *reh'g denied sub nom. United States v. Vader*, No. 22-1798, 2023 WL 3230513 (7th Cir. May 3, 2023), *and cert. denied sub nom. Vader v. United States*, 144 S. Ct. 388 (2023) (citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10). Smith's attempt to use the compassionate release statute to substantively challenge his underlying sentence is not permitted.[1]

---

[1] The court notes that the Supreme Court recently granted certiorari to decide the following question: "Whether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255." *Fernandez v. United States*, No. 24-556, 2025 WL 1496486, at *1 (U.S. May 27, 2025). However, at this time, the court is bound by Seventh Circuit precedent barring defendants from establishing an extraordinary and compelling reason for compassionate release based on substantive challenges to the sentence.

For these reasons, Smith has not established an extraordinary and compelling reason for compassionate release based on § 1B1.13(b)(6).

B.   *Family Circumstance*

Smith next argues that he has an extraordinary and compelling reason for compassionate release because he is needed at home to assist with his grandmother's care. His grandmother has dementia and is currently being cared for by Smith's mother, but Smith argues that he is needed to assist his mother in providing care based on his mother's age and unspecified health problems. (DE # 251 at 13.) It appears that Smith intends not to directly care for his grandmother, but instead to obtain employment so he will "have a source of income with which to provide adequate care for his grandmother." (*Id.* at 14.)

The Sentencing Commission has determined that the family circumstances of the defendant can qualify as an extraordinary and compelling reason for release when the immediate family member (including a grandparent) is incapacitated and the defendant would be the only available caregiver for that family member. U.S.S.G. § 1B1.13(b)(3). Here, defendant is not the only available caregiver for his grandmother, and in fact, does not appear to intend to serve as caregiver for his grandmother, but to assist by providing financial assistance for care. Regardless of whether he intends to provide this care himself, or hire outside help, the court finds that the circumstances required by U.S.S.G. § 1B1.13(b)(3) are not met here.

6

C.   *Covid-19*

Smith next claims that he should be granted compassionate release based on the risk COVID-19 presents to him in prison. He claims that, because he has a heart murmur, he could die if he were infected again with COVID-19. (DE # 251 at 9-11.) Smith's medical records confirm that he has a mild heart murmur and receives medication for this condition. (DE # 261 at 175.) However, nothing in Smith's medical records, or presented in his motion, supports his claim that he is at a significantly increased risk of death if he were to contract COVID-19 again. It is also worth noting that Smith has refused the COVID-19 vaccine. (*Id.* at 53, 59.)

"Today . . . vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Moreover, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." *Id.* Smith has not provided any data suggesting that he is at greater risk of a dire outcome inside prison than he would be outside. And, "if he would remain at a comparable risk outside of prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1071–72 (7th Cir. 2023).

Smith also argues that the mitigation measures that the prison used to respond to COVID-19 created harsh conditions of confinement. Smith has not argued that these conditions have continued, but even if they did these conditions are not a basis here for early release under § 3582(c)(1)(A). *See United States v. Hanson*, No. 23-3088, 2024 WL 5134348, at *1 (7th Cir. Dec. 17, 2024). Rather, a suit under the Eighth Amendment is the

proper way to challenge conditions of confinement. *See id.*; *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021).

> D. *Other Bases For Relief*

Smith asserts two remaining bases for compassionate release: (1) his attempts at rehabilitation, and (2) his age at the time he committed his crimes (23 years of age). Neither amounts to an extraordinary or compelling reason for release.

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d). While rehabilitation of the defendant may be considered in combination with other circumstances in determining whether to, and to what extent, a reduction in a defendant's term of imprisonment is warranted, there must first be an independent basis for such a reduction and none exists in this case.

The court also does not find it extraordinary or compelling that Smith was 23 years old at the time of his offenses. While his relative youth may have played some part in his decision-making, it is not a basis for early release.

Finally, Smith's motion contained a request for appointment of counsel to assist him in this motion. That request is denied pursuant to 18 U.S.C. §§ 3006A(a)(1), (a)(2); *United States v. Blake,* 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Foster,* 706 F.3d 887, 888 (7th Cir. 2013).

## III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 251).

**SO ORDERED.**

Date: June 27, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT